# James Omslaer, Appellant, v. Pittsburg & Birmingham Traction Company.

| 168 | 519 |
|-----|-----|
| 184 | 428 |
| 168 | 519 |
| 187 | 113 |
| 168 | 519 |
| 198 | 499 |
| 168 | 519 |
| 205 | 1483 |
| 168 | 519 |
| 28 SC | 1377 |
| 168 | 519 |
| 226 | 1215 |
| 227 | 2395 |

*Negligence—Street railways—" Stop, look and listen "—Crossings.*

A person about to cross the tracks of a street railway operated by cable or electricity is bound to look and listen. While there is no settled rule that he should stop before crossing a street railway, and it does not appear desirable that there should be, yet there may be occasions when it will also be his duty to stop.

Plaintiff was injured while driving across the tracks of an electric railway at the intersection of two streets. At the point where the accident occurred there were two tracks running north and south upon which cars were run in opposite directions. On nearing the crossing, plaintiff could see that there was no car on the north-bound track. His view of the south-bound track was so obstructed by a wagon, and by piles of lumber and brick, that he could not see more than twenty-five feet of the track from his place of observation. For these obstructions, the street railway company was not responsible. Ahead of him, and moving in the same direction, was a wagon loaded with iron, and the noise created by it was sufficient to drown the noise made by an approaching car. Without stopping to listen, or to wait a moment for the abatement of the noise which prevented his hearing, he drove upon the tracks, and a south-bound car struck his buggy and injured him. *Held*, that it was the duty of plaintiff under the circumstances to stop before going upon the tracks, and that it was not error for the court to enter a compulsory nonsuit.

Argued Nov. 8, 1894. Appeal, No. 284, Oct. T., 1894, by plaintiff, from judgment of C. P. No. 3, Allegheny County, Nov. Term, 1892, No. 173, entering nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*James S. Young, S. U. Trent* with him, for appellant.—The rule of stop, look and listen is not to be inflexibly applied to foot passengers or others in crossing a street railway : Ehrisman v. Ry., 150 Pa. 180 ; Carson v. Federal St. Ry. Co., 147 Pa. 219 ; Gilmore v. Passenger Ry. Co., 153 Pa. 31 ; Gibbons v.

Wilkes-Barre Ry. Co., 155 Pa. 279; Kestner v. Pittsburg & Birmingham Traction Co., 158 Pa. 422; Jackson v. P. A. & M. Traction Co., 159 Pa. 399; Shea v. St. Paul City Ry. Co., 50 Minn. 395.

*Wm. D. Evans, Geo. C. Wilson* with him, for appellee.—Even on the sidewalk a man is bound to look where he is going: Buzby v. Traction Co., 126 Pa. 561. The rights of the railway company are superior to those of the public: Robb v. Connellsville, 137 Pa. 42.

Opinion by Mr. Justice McCollum, May 30, 1895:

The plaintiff was injured while crossing the railway tracks of the defendant company on Smithfield street at the intersection of said street and First avenue in the city of Pittsburg. There were two tracks on the street known as the north- and south-bound tracks, and upon them electric cars were run in opposite directions to accommodate the travel on that crowded thoroughfare. The plaintiff approached these tracks on First avenue west of Smithfield street, and on nearing the crossing he had such a view of the street south of the avenue as satisfied him that there was no car on the north-bound track which would delay his passage over it. The south-bound track was on the west side of the street and between him and the north-bound track, and his view of the former was so obstructed by an ice wagon and by piles of lumber and brick that he could not see more than fifteen feet of it north of the avenue, nor more than twenty-five feet of it from his point or place of observation. For these obstructions the defendant company was not responsible. Ahead of him and moving in the same direction was a wagon loaded with iron, and the noise created by it was sufficient to drown the noise made by an approaching car. Without stopping to listen or wait a moment for the abatement of the noise which prevented his hearing, he drove upon the tracks, a south-bound car struck the left hind wheel of his buggy and he was thrown from it to the ground. For the injury thus received he sought, by this action, to obtain compensation from the defendant company, and he was turned out of court on the ground that the injury was the result, in part at least, of his own carelessness. While we sympathize with him in his misfortune

we must recognize and enforce the well settled legal rule that he cannot charge another person, natural or artificial, with the consequences of his own negligence. If therefore his driving upon the track, under the circumstances shown by the undisputed evidence submitted by him, was a negligent act, wholly or partially responsible for his injury, the judgment of the trial court must be sustained. This is so although the negligence of the defendant company may have contributed to the occurrence. Mutual fault gives no right of action to either party for a loss or injury occasioned by it.

The rule of "stop, look and listen" before attempting to cross the tracks of a steam railroad is inflexible and non-observance of it is negligence per se. So much of this rule as requires a person about to cross the tracks of a steam railroad, to "look and listen" to discover whether a train is approaching, is applicable to the crossing of a street railway operated by cable or electricity : Carson v. Federal Street Ry. Co., 147 Pa. 219 ; Ehrisman v. East Harrisburg City Ry. Co., 150 Pa. 180, and Wheelahan v. Phila. Traction Co., 150 Pa. 187. There is no settled rule which demands that he shall stop before crossing a street railway nor does it appear desirable that there should be. Such a rule would materially interfere with travel on the street, and ordinarily there would be no occasion to apply it, because on nearing the crossing his sight and hearing would sufficiently advise him whether there was opportunity for safe passage over it. There may be, however, situations in which ordinary care would require that he should stop as well as look and listen before attempting to cross. The plaintiff was confronted by such a situation. He could not see the approaching car because of the obstructions in the street, and he could not hear it because of the noise made by the wagon before him. As the wagon was moving from him a brief stop would have removed the obstruction to his hearing but he did not make it. He drove upon the track with the consciousness that there might be a car which he could neither see nor hear approaching the crossing in the usual manner within thirty feet of him, and in so doing he exposed himself to a risk which under the circumstances he must be considered as having voluntarily and intelligently assumed. It was a negligent and hazardous act, and there was no attempt to show any circum-

stances which justified or excused it. It clearly contributed to, if it was not alone responsible for, the injury he received.

The specification of error is overruled and the judgment is affirmed.