184   425
d187  111
184   425
d194   78
184   425
201   354
184     425
j202   ¹105
202    ¹107
184     425
28 SC  ¹377
184     425
j214   ¹481

## Charles Callahan *v.* The Philadelphia Traction Company, Appellant.

*Negligence—Street railways—Crossing tracks—Duty of traveler—" Stop, look and listen."*

A person about to cross a street at a regular crossing is not bound to wait because a car is in sight, if it is at such a distance from him that he has ample time to cross if it is run at the usual speed. The rule to " stop look and listen," applicable to the crossing of steam roads, applies only in part to the crossing of street railways. There is always a duty to look for an approaching car, and, if the street is obstructed, to listen, and in some situations to stop.

In an action against a street railway company to recover damages for personal injuries, it appeared that plaintiff was driving east on a street forty feet wide, without car tracks, and much used by wagons. When he reached the corner of a street upon which the defendant operated an electric railway he brought his horse nearly to a stop, and looking south saw an electric car which had crossed a street and was about two hundred and fifty feet from him. He did not notice whether the car was in motion or was standing at the street crossing. He drove forward, and when his horse reached the tracks the car was close to him, running with great rapidity. He turned his horse northward, but was unable to avoid a collision with the car. There was evidence that the car was running at two or three times the usual speed of street cars. After it struck the plaintiff's horse and wagon it ran one hundred and fifty feet before it was brought to a stop. *Held*, that the case was for the jury, and that a verdict and judgment for the plaintiff should be sustained.

Argued April 2, 1897. Reargued Jan. 4, 1898. Appeal, No. 603, Jan. T., 1896, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1895, No. 84, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Trespass for personal injuries. Before SULZBERGER, J.
The facts appear by the opinion of the Supreme Court.
Defendant's points and the answers thereto were as follows:
1. It was the duty of this plaintiff before crossing the Thirteenth street tracks to look and listen for an approaching car. If he was so situated that it was useless to look and listen, it was his duty to stop, at a point where he could see. The plaintiff's own evidence is that he did stop and look at a point where

he could see and did see the car approaching; that he then drove on across the tracks. In doing so he took the chances of crossing ahead of it. He was therefore guilty of contributory negligence, and your verdict must be for the defendant. *Answer :* Refused. [1]

2. Under all the evidence in this case, the jury is instructed to find a verdict for the defendant. *Answer :* Refused. [2]

Verdict and judgment for plaintiff for $4,000. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*Thomas Leaming,* for appellant.—It was the duty of this plaintiff before crossing the Thirteenth street tracks to look and listen for an approaching car. If he was so situated that it was useless to look and listen, it was his duty to stop at a point where he could see. The plaintiff's own evidence is that he did stop and look at a point where he could and did see the car approaching, and then drove on across the tracks. In doing so he took the chances of crossing ahead of it. He was therefore guilty of contributory negligence: Reeves v. D., L. & W. R. R., 30 Pa. 454; Penna. R. Co. v. Beale, 73 Pa. 504; Carroll v. Penna. R. Co., 12 W. N. C. 348; Pass. Ry. v. Thomas, 132 Pa. 504; Warner v. Pass. Ry., 141 Pa. 615; Carson v. Pass. Ry., 147 Pa. 219; Ehrisman v. Pass. Ry., 150 Pa. 180; Omslaer v. Pittsburg, etc., Traction Co., 168 Pa. 519; Myers v. B. & O. R. R., 150 Pa. 386.

*A. S. L. Shields,* for appellee.—The ordinary speed of a street car should be checked at every street crossing: Railway v. Mulhair, 6 W. N. C. 508; Beard v. Ry., 3 Pa. Superior Ct. 171.

It would have been error to take the case away from the jury and to direct it to find a verdict for defendant: Dunseath v. Traction Co., 161 Pa. 124; Downey v. Traction Co., 161 Pa. 131; Harrisburg v. Saylor, 87 Pa. 216.

When material facts are disputed, or inferences of fact are to be drawn from the testimony, it is the exclusive province of a jury to determine what they are. The court should not invade the province of the jury and take upon itself the determination

of the facts about which there is any dispute: Penna. R. Co. v. Werner, 89 Pa. 59; Philpott v. R. R., 175 Pa. 570; Fisher v. Ry. Co., 131 Pa. 292; Baker v. Gas Co., 157 Pa. 593; Lenkner v. Traction Co., 179 Pa. 486; Clayton v. Traction Co., 3 Pa. Superior Ct. 107.

There is no possible analogy between a case growing out of an injury caused by a street railway car to a person rightfully upon the public thoroughfare, and a case involving an injury inflicted by a steam railroad train at a crossing: Cooke v. Balt. Traction Co., 31 Atl. Repr. 328; Gilmore v. Fed. St., etc., Pass. Ry., 153 Pa. 31; Davidson v. Ry., 171 Pa. 522; Greenfield v. East Harrisburg, etc., Ry., 178 Pa. 194.

*Thomas Leaming*, with him *Thad. L. Vanderslice*, in reply, cited Flanagan v. P., W. & B., 181 Pa. 237; Hess v. W. & N. B. R. R., 181 Pa. 492; Baker v. Penna. R. Co., 182 Pa. 336.

OPINION BY MR. JUSTICE FELL, January 24, 1898:

Both specifications of error relate to the refusal of the court to give binding instructions for the defendant. From the plaintiff's testimony it appeared that he was driving east on Cherry street, and that when he reached the corner of Thirteenth street he brought his horse nearly to a stop, and looking south down Thirteenth street saw an electric car which had crossed Arch street and was about two hundred and fifty feet from him. He did not notice whether the car was in motion or was standing at the Arch street crossing. He drove forward, and when his horse reached the tracks on Thirteenth street the car was close to him and running with great rapidity. He turned his horse up Thirteenth street, but was unable to avoid a collision with the car. There was evidence that the car was running at two or three times the usual speed of street cars. After it struck the plaintiff's horse and wagon it ran one hundred and fifty feet before it was brought to a stop. Cherry street is forty feet wide, and being clear of railway tracks is a thoroughfare much used by wagons.

The sum of the appellant's contention is that as the plaintiff saw the car and attempted to cross Thirteenth street ahead of it, he took the chance of being able to do so, and cannot recover. The chance which the plaintiff took was that of crossing the

street in safety in advance of a car which approached at the usual rate of speed. It was not the chance of being run down by a car propelled at an unusually high rate of speed of which he had no notice, and which was not checked as the car approached the crossing. A person about to cross a street at a regular crossing is not bound to wait because a car is in sight. If a car is at such a distance from him that he has ample time to cross if it is run at the usual speed, it cannot be said as matter of law that he is negligent in going on. The rule to "stop, look and listen" applicable to the crossing of steam roads applies only in part to the crossing of street railways. There is always a duty to look for an approaching car, and if the street is obstructed to listen, and in some situations to stop: Omslaer v. Traction Co., 168 Pa. 519. And the plaintiff must be held to have seen that which was obvious. To attempt to cross the tracks of a steam road in front of an approaching train is generally such negligent conduct as will prevent a recovery: Myers v. B. & O. R. R., 150 Pa. 386. The intervals between the running of trains offer an ample opportunity to cross, and there can be no accurate calculation of the speed of an approaching train from observation merely. But in the use of the streets of a city, where cars are constantly passing, crossings must of necessity be made in front of approaching cars, and as they run at a nearly uniform rate of speed it is not difficult to determine whether it is prudent to attempt to cross. This of course applies only to city streets and at regular crossings, and does not relieve even those about to cross at regular crossings from the exercise of a high degree of care. No error in a close calculation of chance can relieve from the charge of contributory negligence. The use of cable and electric cars has greatly increased the danger of travel on city streets, and of this increased danger all persons have notice. Such cars are intended to run at a higher rate of speed, and the convenience of the public in their use cannot be made subordinate to the convenience of persons walking or driving on the streets.

The plaintiff testified that the front wheels of his wagon were on the foot-crossing at Thirteenth street when he first saw the car two hundred and fifty feet from him. In order to cross the tracks he had to go only about one tenth of that distance. The crossing is in the business center of the city. Both streets

are in constant use, and an unusual amount of travel by vehicles is diverted to Cherry street because of the absence of car tracks on it. The situation was one calling for unusual vigilance and caution on the part of the motorman. Whether under the circumstances the plaintiff was negligent in attempting to cross or in the manner in which he attempted to cross was, we think, for the jury, and both questions were submitted in a charge to which no exception was or could be made by the defendant. That the accident happened in the manner in which the plaintiff described it is highly improbable, but it is possible, and if the jury believed the plaintiff's testimony, there was ample ground for the verdict.

The judgment is affirmed.