## Burke *v.* Union Traction Company.

| 198 | 497 |
| 202 | [1]103 |
| 202 | [1]110 |
| 198 | 497 |
| f 19 SC | [1]225 |
| 19 SC | [1]446 |
| 198 | 497 |
| 205 | [1]483 |
| 206 | [1]267 |
| 198 | 497 |
| 209 | [1] 47 |
| 26 SC | [1] 99 |
| 198 | 497 |
| 27 SC | [1]225 |
| 198 | 497 |
| 28 SC | [1]377 |
| f 28 SC | [2]378 |
| 198 | 497 |
| 214 | [2]477 |

*Negligence—Street railways—Look and listen.*

Electric street railway companies have not the exclusive use of their tracks, but in their use their rights are superior to those of the traveling public, and their cars have the right of way. No one is warranted in assuming that if he first reaches the crossing he may go on, and that the whole duty of care and vigilance is then cast on the motorman. The duty to look for an approaching car is an absolute duty, and failure to do so is negligence per se. This duty is not performed by looking when first entering on the street, but continues until the track is reached.

In an action against a street railway company to recover damages for personal injuries, binding instructions for the defendant are proper where the evidence shows that the plaintiff in approaching a street having a double track street railway upon it, checked his horse almost to a stop and looked as he reached the house line of the street, but afterwards gave no further attention to the street cars, and drove on thirty-two feet, not quickly to avoid danger, nor at an ordinary speed, but slowly to allow a wagon to pass in front of him, and went directly in front of a moving car, which he would have seen if he had looked again.

Argued Jan. 21, 1901. Appeal, No. 163, Jan. T., 1900, by plaintiff, from judgment of C. P. No. 4, Phila. Co., March T., 1899, No. 898, on verdict for defendant in case of Thomas Burke v. The Union Traction Company. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Willson, P. J.

The facts are fully stated in the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Joseph MacGregor Mitcheson,* for appellant, cited: Penna. R. R. Co. v. Beale, 73 Pa. 504; Davidson v. Lake Shore, etc., Ry. Co., 171 Pa. 522; Meyers v. Baltimore & Ohio R. R. Co., 150 Pa. 386; Jackson v. Pittsburg, Allegheny, etc., Traction Co., 159 Pa. 399; Davidson v. Lake Shore, etc., Ry. Co., 179 Pa.

227; Ehrisman v. East Harrisburg City Pass. Ry. Co., 150 Pa. 180; Downey v. Pittsburg, Allegheny, etc., Traction Co., 161 Pa. 131; Callahan v. Phila. Traction Co., 184 Pa. 425; Muckinhaupt v. Erie R. R. Co., 196 Pa. 213; McGovern v. Union Traction Co., 192 Pa. 344.

*Thomas Leaming,* for appellee, cited: Thomas v. Citizens' Pass. Ry. Co., 132 Pa. 504; Carson v. Federal St., etc., Ry. Co., 147 Pa. 219; Ehrisman v. Harrisburg Ry. Co., 150 Pa. 180; Wheelahan v. Phila. Traction Co., 150 Pa. 187; Gilmore v. Federal St., etc., Ry. Co., 153 Pa. 31; Winter v. Federal St. etc., Ry. Co., 153 Pa. 26; Omslaer v. Pittsburg, etc., Traction Co., 168 Pa. 519; Smith v. Electric Traction Co., 187 Pa. 110; Darwood v. Union Traction Co., 189 Pa. 592; Boehmer v. Pittsburg, etc., Traction Co., 194 Pa. 313.

OPINION BY MR. JUSTICE FELL, March 11, 1901:

The question raised by this appeal is whether the court erred in directing a verdict for the defendant on the ground of contributory negligence. At 6 o'clock in the evening on December 19, when the street car traffic was unusually heavy, the plaintiff was riding in a heavy covered wagon northward on Sydenham street, which is intermediate between main streets and crosses Columbia avenue at right angles. Columbia avenue is a wide thoroughfare on which are two tracks of the defendant's road. When the plaintiff reached the house line on the south side of the avenue, he checked his horse almost to a stop, and looked in both directions, but saw no car approaching. In this position he was thirty-two feet from the north track, and could see 237 feet eastward in the direction from which came the car by which he was injured. A wagon was coming rapidly west in the north track on the avenue, and, observing that he had not time to cross the street in front of it, he drove slowly ahead in order to avoid colliding with it. After leaving the house line he did not again look for a car, but gave his whole attention to the wagon, and to regulating the speed of his horse so that it would go so slowly as not to reach the north track before the wagon had passed. When he drove on this track, the car was not more than fifty or sixty feet from him. The wagon was struck so near the front that the horse was thrown or dragged under the fender of the car, and the harness en-

tangled in the headlight. The plaintiff was familiar with the locality, and knew that the cars ran very frequently. He testified: "I went slow, and let him go past. Just as I reached the track after I saw the wagon pass, I was going across and the glare of the car came up and I never saw it until I saw the light shining on the horse, and it caught the wagon. . . . The glare of the light came on the horse, I simply looked out like that, and I could almost lay my hand on it when I saw it. . . . There was nothing in the world to prevent me from seeing it, but when I didn't see it, I didn't see it, that is all. Then I didn't look for it after that, I kept looking at the wagon."

Electric street railway companies have not the exclusive use of their tracks, but in their use their rights are superior to those of the traveling public, and their cars have the right of way. No one is warranted in assuming that if he first reaches the crossing he may go on, and that the whole duty of care and vigilance is then cast on the motorman. The duty to look for an approaching car is an absolute duty, and failure to do so is negligence per se. This duty is not performed by looking when first entering on the street, but continues until the track is reached: Ehrisman v. East Harrisburg City Pass. Ry. Co., 150 Pa. 186; Omslaer v. Pittsburg, etc., Traction Co., 168 Pa. 519; Smith v. Electric Traction Co., 187 Pa. 110. When a person about to cross the track of a steam railroad has stopped, looked and listened, at an apparently proper place to see and hear, the question as to whether there was a second place where he should have stopped, if at all in doubt, is for the jury; but this question cannot arise in the crossing of the tracks of electric roads in cities, where the duty is to look just before crossing: Ehrisman v. Harrisburg Ry. Co., supra.

The plaintiff checked his horse almost to a stop and looked as he reached the house line of the street, and afterwards gave no further attention to the cars. He drove on thirty-two feet, not quickly to avoid danger nor at an ordinary speed, but slowly, to allow a wagon to pass in front of him, and went directly in front of a moving car. If he had looked again after he was on the avenue, he would have seen what his witnesses saw, that a collision was inevitable. It was his duty to look again, and his disregard of this duty was properly held to prevent a recovery in this action against the company.

The judgment is affirmed.