## McPhillips *v.* Union Traction Company, Appellant.

*Negligence—Street railways—Collision between car and wagon—Contributory negligence—Look and listen.*

In an action against a street railway company to recover damages for personal injuries, the plaintiff cannot recover, where it appears from evidence offered by the plaintiff that he drove deliberately out of a driveway, in the middle of a block into a street upon which were the two tracks of the defendant company; that he looked and saw an approaching car about three quarters of a block distant, when the front wheels of his dearborn wagon were at the curb, some sixteen feet from the nearest track; that he then turned slowly to the west, and instead of keeping clear of the track, swung over the first rail, whereupon his horse was almost instantly struck, and plaintiff himself injured.

Argued Dec. 12, 1901. Appeal, No. 4, Oct. T., 1901, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1898, No. 538, on verdict for plaintiff in case of Andrew McPhillips and Charles P. McPhillips, by his father and next

224    McPHILLIPS *v.* TRACTION CO., Appellant.

Statement of Facts—Opinion of the Court. [19 Pa. Superior Ct.

friend, Andrew McPhillips, v. Union Traction Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before McMICHAEL, J.

At the trial it appeared that on the night of June 8, 1898, plaintiff was injured on Lancaster avenue in the city of Philadelphia. The circumstances of the accident are stated in the opinion of the Superior Court.

The court refused binding instructions for defendant.

Verdict of $347.50 for Andrew McPhillips, and $500 for Charles P. McPhillips. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*Thomas Leaming*, with him *Dallas Sanders*, for appellant.— The plaintiff's evidence, which is uncontradicted, shows contributory negligence per se : Tyson v. Union Traction Co., 199 Pa. 264 ; Cupps v. Consolidated Traction Co., 13 Pa. Superior Ct. 630 ; Bornscheuer v. Consolidated Traction Co., 198 Pa. 332 ; Smith v. Electric Traction Co., 187 Pa. 110 ; Brown v. Pittsburg, etc., Traction Co., 14 Pa. Superior Ct. 594 ; Burke v. Union Traction Co., 198 Pa. 498.

*V. Gilpin Robinson*, for appellee.—The case was for the jury : Callahan v. Phila. Traction Co., 184 Pa. 425 ; Raulston v. Phila. Traction Co., 13 Pa. Superior Ct. 412 ; Breunniger v. Penna. R. R. Co., 9 Pa. Superior Ct. 461 ; Ragan v. Penna. R. R. Co., 189 Pa. 572 ; Conyngham v. Erie Electric Motor Co., 15 Pa. Superior Ct. 573.

OPINION BY W. W. PORTER, January 21, 1902 :

Aside from the question of the negligence of the defendant, the learned court below erred in not directing a verdict for the defendant on the ground of the plaintiff's contributory negligence. The essential facts, shown by the testimony for the plaintiff, upon which this conclusion rests, are that the plaintiff drove deliberately out of a driveway in the middle of a block into Lancaster avenue upon which were the two tracks of the

defendant company; that he looked and saw an approaching car about three quarters of a block distant when the front wheels of his dearborn wagon were at the curb, some sixteen feet from the nearest track; that he then turned slowly to the west, and instead of keeping clear of the track, swung over the first rail, whereupon his horse was almost instantly struck. The case comes easily within the rulings in the cases of Cupps v. Consolidated Traction Co., 13 Pa. Superior Ct. 630, decided by this court, Tyson v. Union Traction Co., 199 Pa. 264, Burke v. Union Traction Co., 198 Pa. 497, and Smith v. Electric Traction Co., 187 Pa. 110, decided by the Supreme Court. It was the plaintiff's duty to look just before he got upon the track. Had he done so and been guided in his conduct by what he could clearly have seen, the collision could not have occurred. Furthermore, he had ample space to make his turn to the west and pursue his intended course without encroaching upon the defendants' tracks at all.

The judgments are reversed.