## Moser, Appellant, *v.* Union Traction Company.

| 205 | 481 |
| 209 | [1] 75 |
| 26 SC | [1] 33 |
| 205 | 481 |
| 27 SC | [1] 91 |
| 205 | 481 |
| 28 SC | [1]377 |
| 205 | 481 |
| 214 | [1]478 |
| 205 | 481 |
| f215 | 556 |

*Negligence—Street railways—"Stop, look and listen."*

The duty to look for an approaching street car is an absolute duty, and failure to do so is negligence per se. This duty is not performed by looking when first entering on the street, but continues until the track is reached.

In an action against a street railway company to recover damages for personal injuries sustained at a street crossing at a point where the defendant company operated a double track railway, plaintiff testified that as he came up to the street he stopped his horse and wagon at a point about opposite the building line, and waited for an east-bound car upon the track nearest him to take on a passenger. While waiting there he looked up and saw a west-bound car approaching on the other track, a square away. He made no move until the car going east had started off, and then he started his horse and wagon at a slow walk across the street, but did not look again for the approaching west-bound car, nor did he notice its position as he was entering upon the track in front of it, nor did he see it until after it struck his wagon. *Held*, that the court committed no error in giving binding instructions for defendant.

Argued Jan. 21, 1903. Appeal, No. 219, Jan. T., 1902, by plaintiff, from judgment of C. P. No. 5, Phila. Co., June T., 1901, No. 1305, on verdict for defendant in case of William C. Moser *v.* Union Traction Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries.    Before
RALSTON, J.

The circumstances of the accident are detailed in the opinion
of the Supreme Court.

The trial judge gave binding instructions for defendant.

Verdict and judgment for defendant.    Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Edward A. Anderson*, with him *John H. Fow*, for appellant.
—The case was for the jury: Barb v. P. & R. Ry. Co., 199
Pa. 94; Doud v. Del., etc., R. R. Co., 203 Pa. 227; Callahan
v. Phila. Traction Co., 184 Pa. 425; Elston v. Del., etc., R. R.
Co., 196 Pa. 595; Hamilton v. Consolidated Traction Co., 201
Pa. 351.

*Thomas Leaming*, with him *Charles Biddle*, for appellee.—
The uncontradicted testimony showed glaring contributory
negligence: Smith v. Electric Traction Co., 187 Pa. 110;
Burke v. Union Traction Co., 198 Pa. 497; Greenwood v. P.
W. & B. R. R. Co., 124 Pa. 572.

The authorities as to right angle collisions between street
cars and wagons in their chronological order are as follows:
Ehrisman v. East Harrisburg City Pass. Ry. Co., 150 Pa. 180;
Wheelahan v. Phila. Traction Co., 150 Pa. 187; Winter v.
Federal St., etc., Ry. Co., 153 Pa. 26; Gilmore v. Federal St.,
etc., Ry. Co., 153 Pa. 31; Downey v. Pittsburg, etc., Traction
Co., 161 Pa. 131; Omslaer v. Pittsburg, etc., Traction Co., 168
Pa. 519; Callahan v. Phila. Traction Co., 184 Pa. 425; Smith
v. Electric Traction Co., 187 Pa. 110; Darwood v. Union
Traction Co., 189 Pa. 592; Kern v. Second Ave. Traction Co.,
194 Pa. 75; Boehmer v. Pittsburg, etc., Traction Co., 194 Pa.
313; Bornscheuer v. Consolidated Traction Co., 198 Pa. 332;
Burke v. Union Traction Co., 198 Pa. 497; Tyson v. Union
Traction Co., 199 Pa. 264; Harman v. Penna. Traction Co.,
200 Pa. 311; Hamilton v. Consolidated Traction Co., 201 Pa.
351; Pieper v. Union Traction Co., 202 Pa. 100; Keenan v.
Union Traction Co., 202 Pa. 107.

OPINION BY MR. JUSTICE POTTER, May 4, 1903:

Upon the trial of this case it appeared that the plaintiff did not look for an approaching car at the moment when he was about to cross the track, nor did he see that the car which struck him was near until after the collision occurred. For this reason, at the close of the plaintiff's testimony, the learned trial judge entered a judgment of compulsory nonsuit.

He was entirely justified in so doing. The plaintiff testified that as he came up Thirtieth street to the southern line of Girard avenue, he stopped his horse and wagon at a point about opposite the building line, and waited for an east-bound car upon the track on Girard avenue nearest him, to take on a passenger. While waiting there he looked up and saw a west-bound car approaching upon the other track at Twenty-ninth street. He made no move until the car going east had passed, and then he started his horse and wagon at a slow walk across Girard avenue, but did not look again for the approaching west-bound car, nor did he notice its position as he was entering upon the track in front of it, nor did he see it until after it struck his wagon.

It was apparent that the plaintiff acted in disregard of the simple but effective rule of safety, which required him to look for the car just before he entered the track. The rule has often been declared by this court, and is reiterated in Burke v. Union Traction Company, 198 Pa. 497, as follows : " The duty to look for an approaching car is an absolute duty, and failure to do so is negligence per se. This duty is not performed by looking when first entering on the street, but continues until the track is reached: Ehrisman v. East Harrisburg City Passenger Railway Company, 150 Pa. 180; Omslaer v. Pittsburg, etc., Traction Company, 168 Pa. 519; Smith v. Electric Traction Company, 187 Pa. 110."

The opinion emphasizes the fact, that no question arises as to the proper place to look, in the crossing of the tracks of electric roads in cities, but that clearly the duty is to look just before crossing. The excellence of this rule as a measure of safety is so apparent that it needs no argument in its justification. No possibility of collision exists until the entry upon the line of the track is made. The driver of a wagon may stop so close to the track of a street railway, that the nose of his

horse may almost touch the passing car, and yet be safe.    But when he undertakes to look for an approaching car while he is yet some distance away from the track, he can be guided by nothing more than conjecture as to the varying rates of speed with which both car and wagon are approaching a common point.    Nothing is more commonly erroneous than the estimate of distance passed over by a continuously moving body in a short space of time.

In the present case, the plaintiff saw the car which afterwards struck him, while it was yet some distance away.    But he probably failed to take due note of the fact that it was steadily nearing at a rapid gait, the point at which he wanted to cross its track.    When he saw it, his team was standing at a point about opposite the southern building line of Girard avenue, waiting for an intervening car to pass out of his way.    When it did so, he started his horse.    To do this, with a slow moving animal would take an appreciable amount of time.    He then drove slowly across the space between the line of the sidewalk and the first track, and across the first track, and upon the second track, without looking again to see where the car was. He was not justified in this indifference to the approach of the car.    It was his plain duty to look for it, and observe its position, before driving upon the track in front of it.    For his disregard of this duty, the trial court held that he could not recover in this action.

The judgment is affirmed.