# Mease, Appellant, *v.* United Traction Company.

*Negligence—Street railways—" Stop, look and listen "—Contributory negligence—Nonsuit.*

In an action against a street railway company to recover damages for personal injuries sustained at a crossing, a nonsuit is properly entered where the plaintiff's own evidence shows that when at the building line of the street he looked for a car, and saw one a block away, about 480 feet, approaching the crossing; that he drove slowly twenty-eight feet to the track and looked a second time when his horse was on the track, or about to step on it, and saw the car at the middle of the block, and that he drove on at a slow walk, and the front wheel of his wagon was struck almost instantly, according to his own testimony, within a half second of the time he looked.

*Evidence—Mingling of relevant and irrelevant matter—Practice, C. P.*

When an offer of evidence contains relevant and irrelevant matter and is made as a whole, the judge is not bound to separate the good from the bad but may reject it all.

Argued February 29, 1904.    Appeal, No. 39, Jan. T., 1904, by plaintiff, from order of C. P. Berks Co., March T., 1903,. No. 49, refusing to take off nonsuit in case of George Mease v. United Traction Company.    Before FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before ENDLICH, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Errors assigned* were (1) ruling on evidence referred to in the opinion of the Supreme Court; (2) refusal to take off nonsuit.

*W. B. Bechtel,* of *Bechtel & Shalters,* for appellant.

*C. H. Ruhl,* with him *J. Milton Miller* and *R. L. Jones,* for appellee.

PER CURIAM, March 14, 1904:

There is no view of the plaintiff's testimony that relieves him from the charge of contributory negligence. He testified that when at the building line of the street he looked for a car and saw one a block away, about 480 feet, approaching the crossing. He drove slowly twenty-eight feet to the track and looked a second time when his horse was on the track or about to step on it, and saw the car at the middle of the block. He drove on at a slow walk and the front wheel of his wagon was struck almost instantly, according to his testimony, within a half second of the time he looked. He was evidently mistaken as to either the time or the distance. If he was right as to the time, he drove immediately in front of the car. If he was right as to the distance, which is less probable, he drove onto the crossing without quickening the pace of his horse, when he knew the car had run 240 feet while he was riding from the building line, and that he had twenty feet more to go in order to clear the track with his wagon. This gave him only a bare chance of crossing in safety, and he took it at his risk. He evidently acted on the assumption, as did the plaintiff in Smith v. Electric Traction Co., 187 Pa. 110, that if he reached the crossing first the duty to avoid a collision rested wholly on the motorman, and with a full knowlege of the situation he placed himself in a position of manifest danger.

If the competent testimony included in the offer which was made and rejected as a whole had been received, it would not have helped the plaintiff's case. At most it would have corroborated him as to the position of the car, but it would

also have shown that its speed was not great, because the car was stopped within less than twice its length after the collision. The offer was however properly rejected. When an offer of evidence contains relevant and irrelevant matter and is made as a whole, the judge is not bound to separate the good from the bad but may reject it all: Wharton v. Douglass, 76 Pa. 273; Smith v. Arsenal Bank, 104 Pa. 518; Mundis v. Emig, 171 Pa. 417.

The judgment is affirmed.