# Fellers *v.* Warren Street Railway Company, Appellant.

*Negligence—Railways—Track on sidewalk.*

In an action against a street railway company to recover damages for personal injuries, it appeared that at the point where the accident occurred, the defendant company maintained a curved switch from the main track over the sidewalk of a street to its barn. It was customary to run cars at a slow and careful speed over the switch; and plaintiff knew of this custom. On the evening of the accident plaintiff approached the switch on the sidewalk. She stopped, saw a car some distance off and judged that she was in perfect safety in attempting to cross. The car, however,· was being moved at an excessive rate of speed and without giving any signal. As plaintiff passed the last rail, the fender of the car struck her. *Held,* that the question of defendant's negligence and plaintiff's contributory negligence was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued May 18, 1904. Appeals, Nos. 88 and 89, April T., 1904, by defendant, from judgment of C. P. Warren Co., June T., 1903, No. 40, on verdict for plaintiff in case of A. Clark Fellers and Mena Fellers, by her father and next friend, A. Clark Fellers, v. Warren Street Railway Company. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before LINDSEY, P. J.

32     FELLERS *v.* WARREN ST. RY. CO., Appellant.

Statement of Facts—Opinion of the Court. [26 Pa. Superior Ct.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for A. Clark Fellers for $275, and for Mena Fellers for $600. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*W. E. Rice,* with him *W. D. Hinckley* and *J. H. Alexander,* for appellant, cited : Ehrisman v. East Harrisburg City Pass. Ry. Co., 150 Pa. 180 ; Wheelahan v. Philadelphia Traction Co., 150 Pa. 187 ; Omslaer v. Traction Co., 168 Pa. 519 ; Burke v. Traction Co., 198 Pa. 497 ; McCracken v. Traction Co., 201 Pa. 378 ; Pieper v. Traction Co., 202 Pa. 100 ; Keenan v. Traction Co., 202 Pa. 107 ; Moser v. Union Traction Co., 205 Pa. 481 ; Trout v. Electric Ry. Co., 13 Pa. Superior Ct. 17 ; McPhillips v. Traction Co., 19 Pa. Superior Ct. 223 ; Potter v. Scranton Ry. Co., 19 Pa. Superior Ct. 444.

*D. U. Arird,* with him *C. E. Bordwell* and *Edward Lindsey,* for appellee.

OPINION BY ORLADY, J., July 28, 1904 :

The single assignment of error in this case is the refusal of the court to affirm the defendant's point, to wit: " Under all the evidence, the verdict should be in favor of the defendant." The inquiry is narrowed to the statement of the question involved,—" is it the duty of persons about to cross a railroad track to look out for approaching cars before stepping upon the track? " If this presentation of the question embraced all that was raised by the record, it might easily be answered in the affirmative, as the decisions in this state are to the effect that it is the duty of a traveler about to drive across a street railway, to look, and listen at the edge of the track, and his neglect to do so is negligence per se : Ehrisman v. East Harrisburg City Pass. Railway Co., 150 Pa. 180. And that a traveler, upon a highway, about to cross the track of a street railway, is bound to look just as he approaches the first rail of the track: McCracken v. Traction Company, 201 Pa. 378. The duty to look for an approaching car is an absolute duty, and failure to do so is negligence per se. This duty is not performed by

looking when first entering on the street, but continues until the track is reached : Moser v. Union Traction Company, 205 Pa. 481 ; Trout v. Altoona, etc., Railway Company, 13 Pa. Superior Ct. 17.

Many other cases might be cited reiterating the same declarations of duty, but they all refer to cases where the railroad track was approached by the driver or traveler on a pavement or highway, when the car which produced the injury was on its usual traffic course. The facts in the present case distinguish it from any that has been brought to our attention.

On January 25, 1903, Miss Fellers, accompanied by an escort, was walking on the pavement on a principal street of the town of Warren about eight o'clock in the evening, and just as she passed the last rail of the track the fender of the car struck her and caused serious injuries.

This track (a curved switch from the main line of the street railway to its barn) on which the car was running was located across the public sidewalk or pavement, and used only at irregular intervals in transferring cars to and from the main line. When the plaintiff and her friend were about ten to twelve feet from the first rail of the track, and near to the corner of the sidewalk, they heard a car approaching from the rear, and when they stopped the car was at the farther end of a bridge, a distance of about 400 feet; they then resumed their walk and were struck by a car that was moving at an excessive rate of speed, without lights, and without giving a signal by bell, gong or whistle. The track was wet and slippery, and after striking the plaintiff the car ran into the barn, a distance of about eighty-six feet farther. The negligence of the company, in the management of the car, was so clearly established that the defendant did not attempt to explain it and relied on establishing the contributory negligence of the plaintiff.

The plaintiff proved by a number of witnesses—some of whom had been motormen of the defendant company—that it had been customary in running the cars from the track to the car barn, to cross the pavement slowly and carefully ; that the approach to the switch was down grade, and that the car was running at as high a rate of speed when it struck the plaintiff as was usual on the main line. The plaintiff and her escort testified that they were well acquainted with the location and

the manner in which the cars were transferred from the main line to the car barn, and that if this car had been running at a reasonable rate of speed they would have passed the track in safety.

It is well recognized that a street car on its own line has a superior right to a traveler on foot or in a vehicle. It must also be conceded that this car had a superior right to the use of this track as against this plaintiff. The speed of this car should have been within the control of the motorman ; the appliances governing it were at hand and should have responded promptly to his direction ; it was his duty to have been vigilant in order to have avoided a collision, especially where the track crossed the pavement or footway. The plaintiff in this case was bound to exercise ordinary and reasonable care. Under the circumstances and in the light of the testimony of all the witnesses, the statement that she thought she was in perfect safety would readily be accepted as true. While the use of the track was to be expected at any time, she had a right to rely on her knowledge of the manner in which the cars were taken to the car barn—at a slow and careful speed—which custom was confirmed by all the witnesses who testified on the subject. It was purely a question of facts, whether, in the light of her knowledge of the surroundings, and use of the switch, she was guilty of, contributory negligence in passing along the pavement over the switch track after she stopped about ten feet from the rail and saw an approaching car on the main line about 400 feet distant from her, and this was fully and fairly submitted to the jury.

The assignments of error are overruled and the judgment is affirmed.