BERGER v. PHILADELPHIA RAPID TRANSIT CO.

(Circuit Court, E. D. Pennsylvania. December 28, 1905.)

No. 33.

STREET RAILROADS—INJURY TO PERSON CROSSING TRACK WITH WAGON—CONTRIBUTORY NEGLIGENCE.

Under the law of Pennsylvania, as settled by decision, it is the duty of the driver of a wagon to look and listen immediately before attempting to cross the tracks of an electric street railroad, and a plaintiff driving a wagon having a hood, which prevented him from seeing on either side, who looked on first entering the street, and then, although he saw a car approaching, drove upon the track without again looking, is guilty of negligence per se, which precludes his recovery for an injury resulting from a collision with such car.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 215.]

William T. Boyle and Henry S. Scovel, for plaintiff.
Stevens Heckscher and Thomas Leaming, for defendant.

J. B. McPHERSON, District Judge. The excellent brief of the defendant's counsel demonstrates, as it seems to me, that the plaintiff's own testimony convicts him of contributory negligence. He was driving a heavy wagon east on Summer street in the city of Philadelphia, intending to turn north on Eighth street. There was a front hood on the wagon, which prevented him from seeing anything on either side, unless he leaned forward and looked around the hood. As soon as he could see down Eighth street, he looked south toward Vine, saw a north-bound car a half square away that was either stopping or had just started, decided that it was far enough distant to permit him to cross in safety, leaned back behind the curtain, and drove on without looking again. The horses succeeded in clearing the track, but the wagon was struck, and the plaintiff was thrown out

and injured. Under the Pennsylvania cases this, I think, was undoubtedly contributory negligence. The rule announced by the Supreme Court of this state requires a man who is about to cross a street railway, on which cars propelled by electricity are running, to look for danger immediately before he crosses, and charges him with neglect of duty if he fails to do so, although he may have looked at some other point. The first case upon this subject was Ehrisman v. Harrisburg Railway Co., 150 Pa. 180, 24 Atl. 596, 17 L. R. A. 448, in which the court said:

"The rule to stop, look, and listen is applicable, in part at least, to crossing street railways. A person driving a vehicle has but to use his eyes to avoid such accidents. There is no danger, as in the case of steam roads, of stopping a horse at the very edge of the track. When, therefore, a citizen attempts to cross such track, it is his duty when he reaches it to look in both directions for an approaching car. It very rarely, if it ever, happens that the street is so obstructed that the car may not be seen as the citizen approaches the track. It is his duty to look at that point, and, if there is any obstruction, to listen, and his neglect to do so is negligence per se. This is an unbending rule, to be observed at all times, and under all circumstances. In the case of steam roads, a question sometimes arises as to the proper place to stop, look, and listen. Where there is a fair doubt upon this question, we have held that it must be submitted to a jury. But no such case arises in the case of city railways. If the citizen looks just before he crosses, he avoids all danger of accident."

Burke v. Union Traction Co., 198 Pa. 497, 48 Atl. 470, is equally explicit:

"Electric street railway companies have not the exclusive use of their tracks, but in their use their rights are superior to those of the traveling public, and their cars have the right of way. No one is warranted in assuming that if he first reaches the crossing he may go on, and that the whole duty of care and vigilance is then cast on the motorman. The duty to look for an approaching car is an absolute duty, and failure to do so is negligence per se. This duty is not performed by looking when first entering the street, but continues until the track is reached. Ehrisman v. East Harrisburg City Pass. Ry. Co., 150 Pa. 186, 24 Atl. 596, 17 L. R. A. 448; Omslaer v. Pittsburg, etc., Traction Co., 168 Pa. 519, 32 Atl. 50, 47 Am. St. Rep. 901; Smith v. Electric Traction Co., 187 Pa. 110, 40 Atl. 966. When a person about to cross the track of a steam railroad has stopped, looked, and listened, at an apparently proper place to see and hear, the question as to whether there was a second place where he should have stopped, if at all in doubt, is for the jury; but this question cannot arise in the crossing of the tracks of electric roads in cities, where the duty is to look just before crossing. Ehrisman v. Harrisburg Ry. Co., supra."

To the same effect are Pieper v. Union Traction Co., 202 Pa. 100, 51 Atl. 739; Keenan v. Union Traction Co., 202 Pa. 107, 51 Atl. 742, 58 L. R. A. 217; Moser v. Union Traction Co., 205 Pa. 481, 55 Atl. 15. The Superior Court in McPhillips v. Traction Co., 19 Pa. Super. Ct. 223, follows the same rule. In that case the court said:

"It was the plaintiff's duty to look just before he got upon the track. Had he done so, and been guided in his conduct by what he could clearly have seen, the collision would not have occurred."

See, also, Bornscheuer v. Consolidated Traction Co., 198 Pa. 332, 47 Atl. 872; Tyson v. Traction Co., 199 Pa. 264, 48 Atl. 1078, and

Mease v. United Traction Co., 208 Pa. 434, 57 Atl. 820, which, while not precisely in point, are not irrelevant to the question under consideration.

Being of opinion, therefore, that the plaintiff's own testimony shows that he was guilty of contributory negligence under the rule laid down by the Supreme Court of Pennsylvania, and finding no federal decisions in conflict therewith, it is directed that judgment be entered in favor of the defendant notwithstanding the verdict.