## Haskin, Appellant, *v.* Philadelphia Rapid Transit Co.

*Negligence—Street railways—Contributory negligence—Assuming risk—Presence of workman on or near tracks of carrier.*

1. Where a workman engaged in unloading timber from a wagon in a street, is struck and injured by an electric car, he cannot recover from the railway company for his injuries where it appears that he saw the car approaching him, and at the very instant the danger was upon him continued to turn one of the planks which he was unloading, saying on the witness stand that he "thought he could make it."

2. In such case the fact that the motorman saw the wagon ahead did not call upon him to anticipate that a person unloading lumber would swing a heavy piece of timber from the vehicle across the track in front of the car at the very instant his car would pass the wagon.

3. Plaintiff was not in the category of a workman whose occupation compels his presence on or near the tracks of a carrier.

Argued November 30, 1927. Before Moschzisker, C. J., Frazer, Walling, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 245, Jan. T., 1927, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1924, No. 4330, refusing to take off nonsuit, in case of Harry Haskin v. Phila. Rapid Transit Co. Affirmed.

Trespass for personal injuries. Before Bartlett, P. J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned,* was order, quoting record.

*Samuel Moyerman,* for appellant.—The case was for the jury: Owens v. Ry., 155 Pa. 334; Christman v. Phila. & Reading Co., 141 Pa. 604; O'Malley v. Traction Co., 191 Pa. 410; Reed v. Ry., 243 Pa. 562; Chew v. Traction Co., 90 Pa. Superior Ct. 155; Craven v. Ry., 243 Pa. 619; Sloan v. Ry. Co., 225 Pa. 52; Haas v. Ry., 254 Pa. 235; Cronmuller v. Telegraph Co., 232 Pa. 14; Greene v. Phila., 279 Pa. 389.

*Joseph J. Tunney,* with him *J. J. K. Caskie,* for appellee.—Plaintiff's contributory negligence is clear: Griffith v. Traction Co., 267 Pa. 81; Uhlig v. Transit Co., 287 Pa. 586; Van Zandt v. Ry., 248 Pa. 276; O'Malley v. Traction Co., 191 Pa. 410; Craven v. Ry., 243 Pa. 619; Chew v. Traction Co., 90 Pa. Superior Ct. 155; Stoker v. Ry., 254 Pa. 494; Bardis v. Ry., 267 Pa. 352.

494 HASKIN, Aplnt., v. PHILA. RAPID TRANSIT CO.

Plaintiff failed to prove negligence of defendant: Bardis v. Ry., 267 Pa. 352; Wolf v. Transit Co., 252 Pa. 448; Moss v. Traction Co., 180 Pa. 389; Tyrell v. Traction Co., 79 Pa. Superior Ct. 346; Patton v. George, 284 Pa. 342.

OPINION BY MR. JUSTICE FRAZER, January 3, 1928:

Plaintiff, Haskin, sustained injuries resulting from a street car of defendant company, striking an end of a heavy plank he was unloading from a wagon on Twelfth Street, near to and south of Girard Avenue, in the City of Philadelphia. After hearing the evidence adduced by plaintiff and his witnesses, the court, on motion of defendant's counsel, granted a nonsuit, which it subsequently refused to take off. Plaintiff appealed.

The facts and questions involved are not intricate and the situation at the moment of the accident is not difficult to vision. According to his own testimony, plaintiff, a carpenter, 49 years of age, was foreman of workmen employed in making alterations to a building on Twelfth Street. A wagon loaded with lumber for use in the work arrived directly in front of the premises in question, to be there unloaded. Part or all of the material consisted of heavy planks, sixteen feet long, two inches thick and eight inches wide. The wagon stood on Twelfth Street parallel to the sidewalk, between the street car track and the curb, with the rear end of the vehicle toward Girard Avenue. The workmen, not having a permit to unload material in the street were obliged to carry the lumber from the wagon directly into the building. From the evidence it appears that before and at the time of the accident plaintiff alone was engaged in unloading the timber, and in removing one of the planks from the wagon and placing it on his shoulder, standing with his back toward the car track, intending to carry the piece of lumber endwise to the house, he swung one end of the plank toward the middle of the street and over the railway track, with the end of

the timber extending at least half-way across the space
between the two rails nearest the wagon. At that mo-
ment the projecting end of the plank was struck by de-
fendant's car, coming south on Twelfth Street, the im-
pact throwing plaintiff to the ground and causing the
injuries for which compensation is here sought.

Careful examination and consideration of the testi-
mony of plaintiff and his witnesses compels the conclu-
sion that plaintiff was plainly guilty of contributory
negligence and that no negligence on the part of de-
fendant's motorman was shown.

Plaintiff's testimony permits of no reasonable doubt
that the plank was struck by the car and his injury re-
ceived at the instant he swung the timber end across the
railway track. It is clearly apparent from his testimony
that at the time he began removing the plank from the
wagon he saw the car standing at Twelfth Street and
Girard Avenue, and later observed it in motion, having
crossed Girard Avenue and coming down Twelfth Street
directly toward him. Without again even glancing in
the direction of the car to fix its exact location, he con-
tinued his work neglecting to observe even ordinary care
to assure his safety. Having seen, when he looked the
second and last time, that the car was, as he says, only
about one hundred feet distant, and moving toward him,
he paid no further attention to it, but proceeded in his
act of swinging the plank around until its end was be-
tween the rails at the instant the car arrived at that
point. He has his explanation, but unfortunately for
him, it is cumulative of the weakness of his case. He ex-
plains: "I looked for the car, but the car was too far
away, and I thought I could make it"; and again: "I had
it [the plank] about nearly all turned around and I
thought I could make it." In other words, he was rashly
and negligently taking a chance, voluntarily assuming
a risk. In Omslaer v. Traction Co., 168 Pa. 519, 521,
where the plaintiff was injured by a street car at the
time he entered upon the track, we said: "He drove

upon the tracks with the consciousness that there might be a car which he could neither see nor hear approaching the crossing in the usual manner within thirty feet of him, and in so doing he exposed himself to a risk which, under the circumstances, he must be considered as having voluntarily and intelligently assumed. It was a negligent and hazardous act." In the case before us, plaintiff is even more culpable. He observed a car coming toward him, but "thought he could make it," thus deliberately and with absolute negligence taking the risk, at his own volition, at the very instant the danger was upon him. In Wolf v. Phila. Rapid Transit Co., 252 Pa. 448, where a judgment for defendant n. o. v. was affirmed, we said: "Under all the evidence plaintiff was guilty of contributory negligence, he voluntarily passed in front of the approaching car when so near that he was struck before he could step across the track. He took the chance of getting ahead of the car and thereby assumed the risk. One who voluntarily subjects himself to manifest danger cannot complain because others fail to exercise such a degree of care as to save him from harm."

As stated above, the evidence nowhere discloses negligence on the part of the motorman or that he was in anywise blamable. He doubtless observed the wagon on the street, standing between the track and the curb, with ample room for his car to pass without coming in contact with it. That fact, however, did not call upon him to anticipate that a person engaged in unloading the lumber would swing a heavy piece of timber from the vehicle across the track in front of the car at the very instant his car would pass the wagon. As to the speed of the car, the only testimony is the vague assertion of plaintiff that "the car ran pretty fast," words from which no satisfactory conclusion may be deduced, and the evidence is direct that the motorman immediately stopped the car on the happening of the accident, thus showing he had it under complete control. There is no

evidence that the car was being operated at a reckless or excessive speed.

We do not see what conclusion helpful to plaintiff may be reached by consideration of his contention that the "evidence takes him out of the category of a pedestrian and places him within the category of workingmen whose employment or occupation compels their presence adjacent to or upon the rails of a carrier." The present case is not one where appellant's employment at the time of the accident required him to remain on or about the tracks of defendant company. He was not engaged in labor upon the street used by defendant's cars, nor in labor on defendant's right-of-way. Defendant had no notice, and required none, that plaintiff would, at a specified time, be engaged in taking lumber from a wagon on a street over which defendant company's cars were regularly operated; and, in the matter of preventing injury to plaintiff while thus engaged, no other obligation rested upon it than observance of ordinary care in moving its cars. Plaintiff elected to use and obstruct defendant's tracks, not only with knowledge that it was a dangerous thing to do, but also did it in the face of danger which very little care on his part would have wholly averted.

Judgment is affirmed.