## Joseph E. Darwood, Appellant, v. The Union Traction Company.

*Negligence—Street railways—Collisions between wagon and car—Contributory negligence.*

A person who drives a wagon upon the tracks of a street railway without looking for a car, and without having his horse under control, is guilty of contributory negligence, and if he is injured in a collision between a car and his wagon he is not entitled to recover damages from the railway company.

Argued Jan. 12, 1899. Appeal, No. 117, January T., 1898, by plaintiff, from judgment of C. P. No. 1, Phila. County, September T., 1897, No. 801, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries.

The facts appear by the charge of the court below, which was as follows:

I feel that I will be obliged to affirm the defendant's point, which will give binding instructions to find for the defendant. I do that for this reason: Of course we all realize that the court and all of us are bound by the decisions of the Supreme Court upon these subjects, and there are very few phases of this question which have not been before the Supreme Court, and which have been passed upon. Where they have been squarely made, there is no course for me nor the jury to take but to follow the decisions of the Supreme Court. The duty of the driver of a wagon and the motorman of a car is, in a general way, the same as they approach street crossings. It is the duty of the motor-

man of a car to reduce the speed and have his car under control, so that if occasion arises he will be able to prevent an accident by stopping his car. That duty was not fulfilled in this case. By the testimony of the motorman himself he admitted that he had crossed Carpenter street without slackening up at all—thought probably there was nobody there, and he could make it. He was negligent, and I have no doubt at all of the negligence of the defendant. And the course I have indicated that I am about to take, results entirely from my view of the contributory negligence on the part of the plaintiff. Unfortunately for him, as the driver of a horse and wagon, it was his duty to do just the same thing as it was the motorman's duty to do. It was his duty to slow up as he approached a street crossing, to avoid an accident if some other person was crossing in front of him or should suddenly appear there as in danger of being run down or causing a collision. He did not do that to any appreciable extent. He says, while he reduced somewhat the speed of his horse, he did not have his horse under control, because, when his horse's feet were on the first rail of the track, seeing the car, he was unable to check his horse, and it did not occur to him, as he said, to pull his horse round to the right and thus clear the track and let the car pass, which would have been the wisest thing to do, and it is probably not to be wondered at that in the excitement of that moment the danger was imminent, and he forgot or failed to remember that by simply pulling his horse round to the right he could have cleared the track and the car would have passed him. . . .

But to pass that, there is the other thing, that this man failed to look and to make any investigation as to the approach of a car until he got clear of the awning line or line of awning, if I may say so, because he says his view was obstructed in making the investigation which a man ought naturally and properly to make when he gets clear of the house line. He was obstructed by the flap of the awning, and probably a little further on by the articles of merchandise that were hanging in front of this store. But, as a matter of fact, he did not make the investigation which resulted in giving him a view of the track, until he got clear to the track or until, as he puts it, his horse's front feet were on the track, and when he saw it he could not pull his horse back because it was obstinate, and he did not pull to

the right, but thought he would take the chance of going on. When he did see it, the car was 115 feet away, to the best of his knowledge. He fixed it by a post which he afterwards measured, and I do not think the case of Jackson v. Railroad applies, because he was not misled by the speed of the car, for he says that the car was going very fast, and in response to a question with the word "furious" as a proper description of the speed, he said yes, that was it — going at a furious rate when he saw it. At least, he saw the car when his horse was at the track, 115 feet off, going at a very rapid rate. He then went on and took the chance. That was a negligent thing to do unless it was excused to make an investigation that resulted in seeing, and the object of an investigation is to see and to know and to inform one's self as to the approach of a car, and it would be ordinary negligence not to make that investigation until one's horse's feet were on the track. He attempts to excuse that by saying that he could not make the investigation at any other place ; that when he came to the house line his vision was obstructed by the awning, as I have said and by the articles of merchandise, and that therefore he looked at the first place that the opportunity offered. That is answered by his own testimony partially, when he admits that if he had stooped down low enough he could have seen up the street at the house line and had a view of the street, and of course would have seen the car at a much further distance off than he did. He said he could have stooped down in the wagon, that it was a possible thing to do, but he didn't do it. In addition to that, however, there is the question which has arisen sometimes in railroad cases as to whether he stopped and looked at the best place, and the Supreme Court has said that that is a question for the jury. But the Supreme Court in Ehrisman v. R. R. have used these words: "In the case of steam roads, the question sometimes arises as to the proper place to stop, look and listen. Where there is a fair doubt upon this question, we have held that it must be submitted to the jury, but no such case arises in the case of city railways. If the citizen looks just before he crosses the track, he avoids all danger of accident." That was said in the case of a man driving a team. So that I cannot leave that question to the jury, as the Supreme Court has expressly decided in a street railway case that if he looks before he crosses the track he avoids all danger.

Now the object of that is not alone, as some people seem to think, for the purpose of protecting the driver, but also for the purpose of protecting passengers in the car from accident. The driver must exercise that care just as imperatively to prevent being run down by a car, and to prevent driving in front of a car, out of regard for the safety of the people in the car, just as much as the motorman of the car must exercise that care for the purpose of protecting the lives and limbs of persons on the street. I say, therefore, that both of these parties failed to do their duty. It is a case of joint negligence, and for that reason I think that this plaintiff cannot recover, and I will instruct the jury, as a matter of law, that the verdict must be for the defendant under the decisions I have alluded to, with the additional one of Wheelahan v. Railroad, in which case the very same question appeared in the argument of counsel as in this case, and I speak of it because it was tried before me. The man did not see the car; did not look out of the hood of his wagon to see. The contention was if he had looked, and the testimony showed that if he had looked, he would have seen the car half a square away, and that will appear in the argument of counsel in the case. The Supreme Court said he did not look, and that was negligence, and he could not recover.

Therefore, I say to you, as a matter of law, that this verdict will be required to be for the defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instruction for defendant.

*Henry Budd*, with him *Wm. C. Stoever* for appellant, cited Ehrisman v. Ry. Co., 150 Pa. 180; McLaughlin v. Traction Co., 175 Pa. 565; Jackson v. Traction Co., 33 W. N. C. 481; Callahan v. Phila. Traction Co., 184 Pa. 425; Fisher v. Monongahela C. Ry., 131 Pa. 292; Philpott v. Penna. R. R., 175 Pa. 570; Penna. R. R. v. Werner, 89 Pa. 59; Gibbons v. Wilkes-Barre, etc., St. Ry., 155 Pa. 279; Downey v. Traction Co., 161 Pa. 131.

*Thomas Leaming*, with him *William Henry Lex*, for appellee, cited Omslaer v. Pittsburg, etc., Traction Co., 168 Pa. 519; Wheelahan v. Traction Co., 150 Pa. 187; Winter v. Federal St., etc., Pass. Ry., 153 Pa. 26.

PER CURIAM, January 30, 1899:

On the trial in the court below the defendant offered no testimony, and consequently the case was disposed of solely on plaintiff's evidence, part of which tended to prove that defendant was guilty of negligence in carelessly running its car at an unsafe rate of speed, etc. This, without more, would have necessitated submission of the case to the jury; but it also appeared by undisputed evidence that the plaintiff himself was guilty of negligence which contributed to his injury. In view of this undisputed fact, the learned trial judge rightly held that plaintiff could not recover and, accordingly, directed the jury to find for the defendant. The evidence of plaintiff's contributory negligence was such that a verdict in plaintiff's favor was unwarranted, and, if found, could not have been sustained. It, therefore, follows that there was no error in directing the jury to find for the defendant.

Judgment affirmed.