## Potter, Appellant, *v.* Scranton Railway Company.

*Negligence—Street railways—" Stop, look and listen "—Contributory negilgence.*

In crossing the track of an electric street railway it is a duty to look, listen, and, if necessary, stop. The looking must be done just before entering upon the track, or at the very edge of the track.

In an action against a street railway company to recover damages for injuries to horses a judgment for the defendant non obstante veredicto is properly entered where it appears from the plaintiff's own testimony, that at the time of the accident he was driving a team of horses and approached a street on which a single track was laid which was used for travel in both directions and at a steep grade; that when at a distance of twenty or thirty feet from the track he looked up and down and saw no car in either direction; that he proceeded looking down, but not up the track, until the front feet of his horses were across the first rail when he heard a whistle, looked up the grade and saw a car approaching; that he attempted to swing his horses to the left, whereupon the off horse was struck and killed, and the other horse seriously injured.

Argued Jan. 16, 1902. Appeal, No. 36, Jan. T., 1902, by plaintiff, from judgment of C. P. Lackawanna Co., Jan. T., 1902, for defendant non obstante veredicto in case of George W. Potter and Charles M. Potter v. The Scranton Railway Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for the death of one horse and the injury of another. Before KELLY, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $329.10. The court subsequently entered judgment for defendant non obstante veredicto on the question of law reserved.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*I. H. Burns*, with him *George M. Watson* and *J. W. Browning*, for appellant.—The case was for the jury: Newhard v. Pennsylvania R. R. Co., 153 Pa. 417; City of Harrisburg v. Saylor, 87 Pa. 216; Clayton v. Chester Traction Co., 3 Pa. Superior Ct. 107; Evers v. Philadelphia Traction Co., 176 Pa. 376; Conyngham v. Erie Electric Motor Co., 15 Pa. Superior Ct. 573; Schnur v. Citizens' Traction Co., 153 Pa. 29; Gilmore v. Federal St., etc., Pass. Ry., 153 Pa. 31; Dunseath v. Pittsburg, Allegheny, etc., Traction Co., 161 Pa. 124; Buente v. Pittsburg, Allegheny & Manchester Traction Co., 2 Pa. Superior Ct. 185; Callahan v. Phila. Traction Co., 184 Pa. 425.

*E. N. Willard*, of *Willard, Warren & Knapp*, for appellee.— Plaintiff was guilty of contributory negligence: Nugent v. Phila. Traction Co., 181 Pa. 162; Brown v. Pittsburg, etc., Traction Co., 14 Pa. Superior Ct. 597; Trout v. Altoona, etc., Electric Ry. Co., 13 Pa. Superior Ct. 24; Ehrisman v. East Harrisburg City Pass. Consolidated Ry. Co., 150 Pa. 180; Bornscheuer v. Consolidated Traction Co., 198 Pa. 332; Carson v. Federal St., etc., Ry. Co., 147 Pa. 224.

OPINION BY WILLIAM W. PORTER, J., February 14, 1902:

This judgment was rightly entered non obstante veredicto on the point reserved. The action was for damages for injuries to the plaintiff's horses resulting from being struck by a trolley car. The accident took place at or near the intersection of two streets in the suburbs of the city of Scranton. The plaintiff was approaching High street on which a single track of the defendant company was laid which was used for travel in both directions and was at a steep grade. The plaintiff's testimony relating to what he did immediately preceding the collision is not clear, and in some respects is contradictory. To demon-

strate this would require many quotations from the testimony, unnecessarily extending this opinion. The substance of the matter is that he, at a distance of twenty or thirty feet from the track, looked up and down, and saw no car in either direction; that he proceeded until the front feet of his horses were across the first rail when he heard a whistle, looked up the grade and saw a car approaching; that he attempted to swing his horses to the left, whereupon the off horse was struck on the rump. On cross-examination, he says more than once, that from the point of twenty or thirty feet from the track until his horses were over the rail, he looked down but not up the track until he heard the whistle of the motorman.

It is impossible to escape the conclusion that he was guilty of contributory negligence. The law of Pennsylvania is well settled that in crossing the track of a trolley company it is a duty to look, listen, and, if necessary, stop. It may now be said to be also settled that the looking must be done just before entering upon the track, or "at the very edge of the track," as said in Ehrisman v. Traction Co., 150 Pa. 180, in which this doctrine was first announced and which has been followed by numerous cases: Wheelahan v. Traction Co., 150 Pa. 187; Brown v. Traction Co., 14 Pa. Superior Ct. 594; Trout v. Traction Co., 13 Pa. Superior Ct. 17; Cupps v. Traction Co., 13 Pa. Superior Ct. 630; McPhillips v. Traction Co., ante, p. 223; Darwood v. Traction Co., 189 Pa. 592; Burke v. Traction Co., 198 Pa. 497. The latest case on the subject is McCracken v. Traction Co. (not yet reported), in which the opinion was filed by the Supreme Court on January 6, 1902.

There is in the case before us no testimony on behalf of the plaintiff which indicates that he complied with the obligations of this rule of law. The testimony excludes any inference that he looked in the direction of the approaching car just before he entered upon the track. If he had so looked "he could have seen the car and stopped, and the accident would have been avoided:" Carson v. Railway Co., 147 Pa. 219. The infraction of the rule of law being apparent, the judgment entered by the court below is unassailable.

The case of Hamilton v. Traction Co., in which an opinion was filed by the Supreme Court on January 6, 1902 (not yet

reported), is distinguishable from the case at bar, since in the former case, as appears by the opinion of the court, the plaintiff was looking just as "his horses were about stepping over the track."

The judgment is affirmed.