## Gilmore, Appellant, *v.* United Traction Company.

*Negligence—Street railways—Collision between car and wagon—Crossing.*

No question arises as to the proper place to look in crossing electric roads in cities.   The duty is to look just before crossing.   The observation should be made at the time and place which would afford information of the presence of an approaching car.

Where the driver of a wagon leaves his wagon in a ten feet wide alley about twenty-five feet from the corner of a street on which an electric railway is operated, walks to the corner, looks in both directions, and seeing no car returns to his wagon, and drives slowly into the street and on to the track without again looking, and a car strikes the team just as it gets on the track, the driver is guilty of contributory negligence, and the owner of the team cannot recover for injuries sustained.

Argued April 15, 1904.   Appeal, No. 132, April T., 1904, by plaintiff, from order of C. P. No. 2, Allegheny Co., April T., 1901, No. 462, refusing to take off nonsuit in case of W. J. Gilmore and Joseph C. Heckman, trading as the Pittsburg Iron Paint Company v. The United Traction Company.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Trespass for injuries to a team of horses and a wagon and harness.

The facts relating to the accident are stated in the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*J. A. Wakefield*, for appellants.—The case was for the jury:

VOL. XXVI—7

Gress v. Ry. Co., 14 Pa. Superior Ct. 87 ; Newman v. D. L. & W. R. R. Co., 203 Pa. 530 ; Muckinhaupt v. Erie R. R. Co., 196 Pa. 213.

*James C. Gray,* with him *Clarence Burleigh,* for appellee.— The nonsuit was properly entered : Potter v. Scranton Ry. Co., 19 Pa. Superior Ct. 444 ; Keenan v. Union Traction Co., 202 Pa. 107 ; Smith v. Electric Traction Co., 187 Pa. 110 ; Burke v. Union Traction Co., 198 Pa. 497 ; Pieper v. Traction Co., 202 Pa. 100 ; Moser v. Traction Co., 205 Pa. 481; Bobb v. Traction Co., 206 Pa. 265.

OPINION BY HENDERSON, J., July 28, 1904 :

The team of the plaintiff was passing along Church alley in the charge of a driver about half past seven o'clock in the evening in January, 1901. The team was stopped about twenty-five feet from the line of Green street because one of the tugs became unfastened. The driver got off the wagon, fastened the tug and walked to Green street to ascertain whether a car was coming or not. He could see one square in each direction. No car was in view. He walked to the wagon, got on it and drove at a slow walk to Green street and onto the track located in Green street. Church alley is about ten feet wide and Green street about fifteen feet wide. An approaching car struck the horse nearest to it on the side just as the team got on the track. The learned trial judge was of the opinion that the plaintiff's servant was guilty of contributory negligence under the evidence and with that conclusion we concur. After the driver made his observation at the track he got onto his wagon and drove " very slowly " and, in the language of the witness, " the minute I got on the track the car came along and bumped the horses." In the opinion of the witness it took about a minute to walk back to the wagon and drive onto the track. It does not appear that the driver made any other effort to ascertain whether a car was approaching when he was about to drive onto the track. It was his duty, however, to look just before he got upon the track. The observation made before his return to his team would serve no useful purpose in view of the fact that a sufficient time had elapsed when the team reached

the track for a car to have come several hundred feet at the ordinary speed of a street car. The duty to look for an approaching car is an absolute duty and failure to do so is negligence per se. This duty is not performed when first entering on the street, but continues until the track is reached: Smith v. Electric Traction Co., 187 Pa. 110 ; Burke v. Traction Company, 198 Pa. 497; Potter v. Scranton Railway Co., 19 Pa. Superior Ct. 444.

No question arises as to the proper place to look in crossing electric roads in cities. The duty is to look just before crossing. The observation should be made at the time and place which would afford information of the presence of an approaching car. It is true the alley along which the teamster was driving and the street along which the car came were narrow and buildings were erected on either side of the alley. It does not appear, however, but that in the exercise of ordinary care under the circumstances, the driver, who was familiar with the premises, might have discovered the approach of the car before he drove onto the track.

The judgment is affirmed.