# Walsh, Appellant, v. Philadelphia Rapid Transit Company.

*Negligence—Contributory negligence—Collision between car and wagon.*

In an action against a street railway company to recover damages for injuries to a horse and wagon resulting from a right angle collision between a street car and wagon, a nonsuit is properly entered where the driver testifies that while driving along a level street which crossed the car tracks at right angles, he looked for an approaching car as he passed the house line, at least twenty-two feet from the first car rail, and saw the headlight of a car, but that he did not look again until the horse was upon the tracks, at the very moment of the collision.

Argued Oct. 19, 1904. Appeal, No. 11, Oct. T., 1904, by plaintiff, from order of C. P. No. 1, Phila Co., March T., 1903, No. 1196, refusing to take off nonsuit in case of Mary T. Walsh, William Gorman and Edward H. Brennan, Trustees of the Estate of Philip J. Walsh, deceased, trading as Phil J. Walsh Estate v. Philadelphia Rapid Transit Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER and HENDERSON, JJ. Affirmed.

Trespass to recover damages for injuries to a horse and wagon. Before BRÉGY, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

*Error assigned* was in refusing to take off nonsuit.

*John F. Gorman*, for appellants.—A person approaching a street railway, who sees a car at a sufficient distance away to enable him to believe in the light of former experience that he will be able to cross safely, has a right to go on and cross, and to attempt to do so, and be struck by the car is not contributory negligence per se, but it is for the jury to say whether or not he took proper and prudent care: Callahan v. Traction Co., 184 Pa. 425; Raulston v. Traction Co., 13 Pa. Superior Ct. 412; Davidson v. Traction Co., 4 Pa. Superior Ct. 86; Wilson v. Traction Co., 10 Pa. Superior Ct. 325; Stanton v.

Traction Co., 11 Pa. Superior Ct. 180 ; Hamilton v. Traction
Co., 201 Pa. 351 ; Henderson v. Traction Co., 202 Pa. 527 ;
McGovern v. Traction Co., 192 Pa. 344 ; Haas v. Chester St.
Ry. Co., 202 Pa. 145.

*Thomas Leaming,*with him *Stevens Heckscher*, for appellee.—
The plaintiff was guilty of contributory negligence : Ehrisman
v. East Harrisburg City Pass. Ry. Co., 150 Pa. 180 ; Cupps v.
Consolidated Traction Co., 13 Pa. Superior Ct. 630 ; Burke v.
Union Traction Co., 198 Pa. 497 ; Potter v. Scranton Ry. Co.,
19 Pa. Superior Ct. 444 ; Pieper v. Union Traction Co., 202
Pa. 100 ; Keenan v. Union Traction Co., 202 Pa. 107 ; Moser
v. Union Traction Co., 205 Pa. 481 ; Smith v. Electric Trac-
tion Co., 187 Pa. 110 ; Tyson v. Union Traction Co., 199 Pa.
264 ; McPhillips v. Union Traction Co., 19 Pa. Superior Ct.
223 ; Mease v. United Traction Co., 208 Pa. 434 ; Greenwood
v. P. W. & B. R. R. Co., 124 Pa. 572.    The decisions of the
Supreme and Superior Courts, as to right angle collisions be-
tween wagons and street cars, in their chronological order, are
as follows :  Thomas v. Citizens' Pass. Ry. Co., 132 Pa. 504 ;
Carson  v.  Federal Street, etc., Ry. Co., 147 Pa. 219 ; Ehris-
man v. East Harrisburg City Pass. Ry. Co., 150 Pa. 180 ;
Wheelahan v. Phila. Traction Co., 150 Pa. 187 ; Winter v.
Federal Street, etc., Ry. Co., 153 Pa. 26 ; Gilmore v. Federal
Street, etc., Ry. Co., 153 Pa. 31 ; Downey v. Pittsburg, etc.,
Traction Co., 161 Pa. 131 ; Omslaer v. Pittsburg, etc., Trac-
tion Co., 168 Pa. 519 ; Callahan v. Phila. Traction Co., 184 Pa.
425 ; Smith v. Electric Traction Co., 187 Pa. 110 ; Manayunk,
etc., Stable Co. v. Union Traction Co., 7 Pa. Superior Ct.
104 ; Darwood v. Union Traction Co., 189 Pa. 592 ; Kern v.
Second Avenue Traction Co., 194 Pa. 75 ; Trout v. Al-
toona, etc., Electric Ry. Co., 13 Pa. Superior Ct. 17 ; Raul-
ston v. Traction Co., 13 Pa. Superior Ct. 412 ; Cupps v. Con-
solidated Traction Co., 13 Pa. Superior Ct. 630 ; Boehmer v.
Pittsburg, etc., Traction Co., 194 Pa. 313 ; Bornscheuer v. Con-
solidated Traction Co., 198 Pa. 332 ; Burke v. Union Traction
Co., 198 Pa. 497 ; Conyngham v. Erie Electric Motor Co., 15
Pa. Superior Ct. 573 ; Tyson v. Union Traction Co., 199 Pa.
264 ; Harman v. Penna. Traction Co., 200 Pa. 311 ; Hamilton
v. Consolidated Traction Co., 201 Pa. 351 ; McPhillips v.

Union Traction Co., 19 Pa. Superior Ct. 223 ; Potter v. Scranton Ry. Co., 19 Pa. Superior Ct. 444; Pieper v. Union Traction Co., 202 Pa. 100 ; Keenan v. Union Traction Co., 202 Pa. 107 ; Haas v. Chester St. Ry. Co., 202 Pa. 145 ; March v. Union Traction Co., 209 Pa. 46 ; Moser v. Union Traction Co., 205 Pa. 481 ; Mease v. United Traction Co., 208 Pa. 434.

OPINION BY ORLADY, J., January 17, 1905 :

Taking the most liberal view of the plaintiff's proof, the driver of the wagon was guilty of contributory negligence in entering upon the tracks.   He testified that while driving along a level street which crossed the car tracks at right angles, he looked for an approaching car as he passed the house line, at least twenty-two feet from the first car rail, and did not look again until the horse was upon the tracks, at the very moment of the collision.   He saw the car when he looked the first time, and either miscalculated the rate of speed or its distance from the crossing.   The accident resulted from his error of judgment, and he had full control over its determining causes.   He saw the headlight of the car, and did not need an additional signal of its approach.   He had a clear view along an unobstructed street, the horse was trotting and he slackened its gait, then, as he expressed it, " When I seen I could cross the track I let the horse out again and he started to cross the track." There was no evidence that the car was moving at an unusual rate of speed.   The accident occurred on a busy street, and the care, commensurate with the circumstances, which is demanded by all of the decisions, required him to do more than he claims to have done.   From his testimony it is apparent that if he had continued to look, and be watchful after passing the house line, or looked before entering upon the tracks, the accident would not have happened.   The motorman may have been negligent in not giving a gong signal, or in not keeping the car under better control, but assuming both of these neglects of duty, they do not relieve the driver from exercising due care.   His measure of duty is clearly defined in Moser v. Union Traction Co., 205 Pa. 481 : " The driver of a wagon may stop so close to the track of a street railway that the nose of his horse may almost touch the passing car, and yet be safe.   But when he undertakes to look for an approaching car while he is

yet some distance away from the track, he can be guided by nothing more than conjecture as to the varying rates of speed with which both car and wagon are approaching a common point. Nothing is more commonly erroneous than the estimate of distances passed over by a continuously moving body in a short space of time." In the absence of definite proof as to speed it must be presumed to have been reasonable, and distance is always an item which is susceptible of precisely bounded space, and should not be left to surmise. The plaintiff's testimony leaves both these matters open, and affirmatively shows that the driver took his chance of getting over the tracks under very doubtful conditions.

The judgment is affirmed.