## McCartney, Appellant *v.* Union Traction Company.

*Negligence—Street railways—"Stop, look and listen"—Driving on track—Contributory negligence.*

Where a driver of a vehicle approaches a cross street on which an electric railway is operated, with the intention of turning in on the track, it is his duty after passing the house line to look, and if necessary to bring his horse to a full stop before going upon the track. If without stopping he goes upon the track and suddenly sees the headlight of a car within five feet from his horse, and the car immediately strikes the horse, he is guilty of contributory negligence, and it is vain for him to say that he looked steadily down the unobstructed street and failed to see the headlight.

It is the law of Pennsylvania that in crossing the track of a trolley company, it is a duty to look, listen and if necessary stop; and it is also settled that the looking must be done before entering upon the track, or at the very edge of the track.

Argued Dec. 13, 1904. Appeal, No. 117, Oct. T., 1904, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1899, No. 141, on verdict for defendant in case of Edward McCartney v. Union Traction Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries.   Before
BEITLER, J.

The circumstances of the accident are stated in the opinion
of the Superior Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in giving binding instructions for de-
fendant.

*Thomas Ridgway*, with him *John J. Ridgway*, for appellant.
—If appellant's testimony appears contradictory it is for the
jury : Ely v. Pittsburg, etc., Ry. Co., 158 Pa. 233.

A driver does not have to make a stop before crossing a
street railway track : Hass v. Chester Street Ry. Co., 202 Pa.
145.

Nor is he prevented from crossing because a car is in sight :
Callahan v. Traction Co., 184 Pa. 425.

The facts of Callahan v. Traction Co., are the facts of the
case at bar, except in the former, it being daytime, the plain-
tiff saw the car itself, and in the present case, it being night,
only the light thrown by the reflector could be seen in the
distance and not the car.   Similar cases are : Downey v.
Traction Co., 161 Pa. 131 ; Hamilton v. Traction Co., 201 Pa.
351; Raulston v. Traction Co., 13 Pa. Superior Ct. 412; Boyles
v. Railway Co., 20 Pa. Superior Ct. 443.

*Thomas Leaming*, with him *Russell Duane*, for appellee,
cited : March v. Union Traction Co., 209 Pa. 46 ; Manayunk,
etc., Stable Co. v. Union Traction Co., 7 Pa. Superior Ct. 104;
Trout v. Altoona, etc., Electric Ry. Co., 13 Pa. Superior Ct.
17 ; Cupps v. Consolidated Traction Co., 13 Pa. Superior Ct.
630 ; McPhillips v. Union Traction Co., 19 Pa. Superior Ct.
223 ; Potter v. Scranton Ry. Co., 19 Pa. Superior Ct. 444 ;
Smith v. Traction Co., 187 Pa. 110.

OPINION BY MORRISON, J., January 17, 1905 :

On October 22, 1898, about eight o'clock P. M., appellant, an
experienced cab driver, was driving his employer's coupé at a
trot east on Fairmount avenue between the trolley tracks and

the south curb.  As he approached 13th street he went upon the trolley track at a jog trot, without stopping, and when his horse was upon the track he was struck by a car going north, and the horse was cut loose from the cab, and the appellant was quite seriously injured.

When the testimony for the appellant was all in the defendant offered no testimony and the court gave a binding instruction in favor of the defendant and this, in substance, is the error complained of.

The plain testimony of the appellant is that he drove east on Fairmount avenue and when near 13th street he pulled up to a slow jog, but another portion of his testimony shows that this was a trot, and that he drove upon the track without stopping and then saw the bright flare of the headlight on the car and that it was then within about five feet of his horse.  Of course he then had no time to do anything, as the horse was struck almost at that instant.  He said he looked down 13th street, as far as the house on the corner would permit, and he never knew anything until he got in the car track and he looked to the right, and all of a sudden saw a bright flare of light—a trolley car—and it struck his coupé right between the dasher and the horse.  He said there was nothing to cover up the head light, as a person looked down 13th street, but the house.

It further appears in evidence that both streets, at the point of the accident, are of the ordinary width of Philadelphia streets, and they are perfectly straight and therefore cross at right angles, and each street has the trolley track in its center.

From this testimony, which is uncontradicted, it is very clear that the appellant did not look south on 13th street, after he came near enough to the track to see past the house standing on the south-west corner, or else if he did look, he must have seen the headlight of this car and the conclusion is irresistible that he recklessly undertook to cross the track when the car was so near to him, that a collision was inevitable.  Upon all the facts disclosed by the evidence, the learned court could not give due weight to the adjudicated cases, without giving a binding instruction in favor of the defendant, on the ground of the contributory negligence of the appellant.

In our opinion this case is ruled by March v. Union Traction

Co., 209 Pa. 46. That case upon the facts is, substantially, identical with the one under consideration. It was the duty of the appellant after passing the house line to have looked and, if necessary, to have brought his horse to a stop, before going upon the track. His failure to look for an approaching car, where he could see it, was negligence per se: Burke v. Union Traction Co., 198 Pa. 497; Warner v. People's Street Railway Co., 141 Pa. 615.

When we consider that the headlight of the car was burning brightly, and that the appellant says that he did not see the car until it was within about five feet of his horse, we think his statements that he was looking south on Thirteenth street steadily are so inconsistent with mathematical and optical laws as to make their truth impossible: Manayunk, etc., Stable Co. v. Traction Co., 7 Pa. Superior Ct. 104.

In Carroll v. Penna. R. R. Co., 12 W. N. C. 348, the Supreme Court said: "The injury received by the plaintiff was attributable solely to his own gross carelessness. It is in vain for a man to say that he looked and listened, if, in despite of what his eyes and ears must have told him, he walked directly in front of a moving locomotive." So we say in regard to the appellant, it is in vain for him to say that he steadily looked south on Thirteenth street for a car, because if he did, he must have seen the bright headlight of a car coming along the center of that street long before it came within five feet of him. See Trout v. Electric Ry. Co., 13 Pa. Superior Ct. 17, Cupps v. Traction Co., 13 Pa. Superior Ct. 630 and McPhillips v. Traction Co., 19 Pa. Superior Ct. 223.

"The law of Pennsylvania is well settled that in crossing the track of a trolley company it is a duty to look, listen, and, if necessary, stop. It may now be said to be also settled that the looking must be done just before entering upon the track, or 'at the very edge of the track:'" Potter v. Scranton Ry. Co., 19 Pa. Superior Ct. 444.

It is so clear that the appellant was not entitled to go to the jury, because of his own contributory negligence, that we are not called upon to decide whether or not there was sufficient evidence to have carried the case to the jury, on the question of the negligence of the defendant. The latter question being wholly immaterial where the plaintiff, himself, is guilty of neg-

ligence which contributed to his injury. This principle is so well settled, by a long line of decisions, and it is so generally understood by the profession, that we deem it unnecessary to cite authorities in its support.

The learned court did not err in withdrawing this case from the jury. The assignments of error are all dismissed and the judgment is affirmed.