# Bowen *v.* Buffalo & Lake Erie Traction Company, Appellant.

*Negligence—Street railways—Motocycle—Collision with street car.*

In an action against a street railway company to recover damages for personal injuries resulting from a collision between a street car and a motocycle on which the plaintiff was riding, it appeared that the plaintiff was thirty-six years old and familiar with the locality where the accident happened; that at the time it was clear daylight; that he was riding at about eight miles an hour when he arrived at the curb line of the street on which were defendant's tracks; that at this point he was twenty-seven feet from the first car rail; that he looked north and saw a car approaching about fifty feet away, that he then turned south to run parallel with the car tracks; that in attempting to cross in front of the car he was struck and injured. He testified that the car was running twenty or twenty-five miles an hour, and went about 175 feet after striking him. He admitted that after his first look at the curb thirty feet distant from the tracks he did not look again at the street car but was watching a man crossing on a bicycle in the opposite direction. *Held,* that it was reversible error not to give binding instructions for defendant.

Argued April 14, 1913. Appeal, No. 147, April T., 1913, by defendant, from judgment of C. P. Erie Co., Nov. T., 1911, No. 92, on verdict for plaintiff in case of C. W. Bowen v. Buffalo & Lake Erie Traction Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BENSON, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $325. Defendant appealed.

*Errors assigned* were in refusing binding instructions for defendant.

*J. M. Sherwin* and *W. S. Carroll*, for appellant.— The following Pennsylvania cases are all to the effect, that the "duty of the plaintiff is not performed by looking when first entering on the street but continues until the very edge of the track is reached:" Trout v. Electric Ry. Co., 13 Pa. Superior Ct. 17; Brown v. Traction Co., 14 Pa. Superior Ct. 594; Beer v. Clarion Twp., 17 Pa. Superior Ct. 537; Potter v. Ry. Co., 19 Pa. Superior Ct. 444; Gilmore v. Traction Co., 26 Pa. Superior Ct. 97; Walsh v. Phila. Rapid Transit Co., 27 Pa. Superior Ct. 89; McCartney v. Traction Co., 27 Pa. Superior Ct. 222; Houston v. Traction Co., 28 Pa. Superior Ct. 374; Ehrisman v. Ry. Co., 150 Pa. 180; Burke v. Union Traction Co., 198 Pa. 497; Moser v. Union Traction Co., 205 Pa. 481; Griffith v. Ry. Co., 214 Pa. 293; Timler v. Phila. R. T. Co., 214 Pa. 475; Smathers v. Ry. Co., 226 Pa. 212; Eastey v. R. R. Co., 238 Pa. 67.

*John B. Brooks*, with him *Monroe Echols* and *Chas. H. English*, for appellee.—The Supreme Court of Pennsylvania, the Superior Court of Pennsylvania, and the supreme Court of New York have in opinions in the four following cases, furnished sufficient authority for the affirmance of the case at bar: Downey v. Traction Co., 161 Pa. 131; Henderson v. Traction Co., 202 Pa. 527; McGovern v. Union Traction Co., 192 Pa. 344; Raulston v. Traction Co., 13 Pa. Superior Ct. 412.

OPINION BY ORLADY, J., July 16, 1913:

The plaintiff was riding a motocycle on Eighth street, which intersects with Parade street, in the city of Erie

and collided with a street car, so as to produce substantial injuries. The material facts are not in dispute. The plaintiff was thirty-six years old, was familiar with the streets and the location of the street car tracks in the middle of Parade street. In clear daylight he was riding his motocycle at a speed of about eight miles an hour, and when he arrived at the curb line of Parade street he was twenty-seven feet from the first car rail. At this point he looked north and saw a car approaching about fifty feet distant from where he then was. He frankly states that he knew that if he would continue in a direct line at the speed he was then going he would collide with the street car, and for that reason he turned south to run parallel with the car tracks. He admitted that he could have stopped his machine, which was about eight feet in length, within that distance, and with the rider weighed from 225 to 250 pounds, the brake being in good condition and he was familiar with its use. His contention is that the street car was running at an excessive rate of speed, twenty or twenty-five miles an hour, and was not under the control of the motorman, for the reason that it ran about 175 feet after striking the plaintiff.

It is not necessary to consider any other fact, as the plaintiff by his own showing demonstrates his contributory negligence by his conduct. He had the right to expect a street car at that place. He knew it had a superior right to the street crossing; his machine was under proper control and he had but to use ordinary common sense to save himself from being injured. He had thirty feet within which to change his course and he took the chance of crossing the track ahead of what he knew to be a rapidly moving car. He further admitted that after his first look at the curb, thirty feet distant from the track, he did not look again at the street car, but was watching a man approaching on a bicycle from the opposite direction.

To allow such a verdict to stand would be putting a premium on inexcusable negligence on the part of the

rider: Trout v. Electric Ry., 13 Pa. Superior Ct. 17; Brown v. Traction Co., 14 Pa. Superior Ct. 594; Beer v. Clarion Township, 17 Pa. Superior Ct. 537; Potter v. Ry. Co., 19 Pa. Superior Ct. 444; Gilmore v. Traction Co., 26 Pa. Superior Ct. 97; Walsh v. Transit Co., 27 Pa. Superior Ct. 89; McCartney v. Union Traction Co., 27 Pa. Superior Ct. 222; Houston Bros. v. Traction Co., 28 Pa. Superior Ct. 374. The case is fully covered by Black v. Philadelphia R. T. Co., 239 Pa. 463.

Under the plaintiff's own testimony the verdict should have been directed for the defendant.

The judgment is reversed.