## Mellet, Appellant, *v.* Reading Transit Company.

*Negligence — Street railways—Automobile—Collision — Contributory negligence—Judgment n. o. v.*

In an action against a street railway company to recover for injuries to an automobile sustained in a collision between the automobile and one of the defendant's cars, a judgment for the defendant n. o. v. will be sustained where the evidence shows that the accident occurred at a point where the defendant's tracks turned at right angles from their progress along a public road and crossed the road to enter a private right of way; that the plaintiff's automobile came along the stretch of the public road where there are no tracks and met the car at the crossing coming along the road in the contrary direction; that at a point about 200 feet from the crossing the chauffeur saw the car when the car itself was about 300 feet from the crossing; that the chauffeur did not thereafter keep the car in sight, and did not take notice of the track crossing the road, although he had an unobstructed view; and that the automobile ran against the car after the latter had stopped.

Argued Nov. 10, 1913.   Appeal, No. 278, Oct. T., 1912, by plaintiff, from judgment of C. P. Berks Co.,

466    MELLET, Appellant, *v.* READING TRANSIT CO.

Statement of Facts—Opinion of Court below.   [55 Pa. Superior Ct.

March T., 1911, No. 21, for defendant n. o. v. in case of Michael Mellet v. Reading Transit Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Trespass to recover damages for injuries to an automobile.   Before ENDLICH, P. J.

At the trial the jury returned a verdict for plaintiff for $652.72.

Subsequently the court entered judgment for defendant n. o. v., ENDLICH, P. J., filing the following opinion:

On the morning of August 20, 1910, defendant's trolley car, going southwardly, descended an easy grade towards a turn in the track, which, north of the turn, occupies for some distance the eastern side of the highway, then at the foot of the declivity crosses the road westwardly and leaves it for a private right of way.   At the same time, south of the crossing and moving northwardly, also upon the eastern side of the highway and on a grade slightly declining towards the crossing, came plaintiff's automobile in charge of his chauffeur, who was unacquainted with the road.   When 200 or more feet south of the crossing, he saw the approaching car, then something over 300 feet north of the crossing, There was nothing to obstruct his view of the track north of the crossing or his continuing observation of the car upon it.   Yet he swears that he did not see the car after his first sight of it until within eight or ten feet of it.   A crossing sign near the point at which the track leaves the highway may have been concealed by branches of trees.   At any rate, the chauffeur says he did not see it.   But neither did he see the track crossing the highway until within eight or ten feet of it, although it was visible from the road south of it for over 200 feet.   When, as he says, he first saw the track crossing the highway and again saw the car, he applied the brake and turned to the right, in order to pass behind the car, but collided with it, the automobile

passing over the coupling bar, which extended some-
what to the left side of the front of the car.   The
latter had come down the grade just north of the turn
at a low speed and was brought to a stop on the turn
about halfway across the highway a moment before
the collision.   There is affirmative evidence of signals
given by the car, and negative evidence of their omis-
sion.   The chauffeur testifies that before braking he was
running at fifteen miles an hour.   Other witnesses put
his speed at from twenty to thirty-five miles.

There is no escape from the facts that the automobile
ran against the defendant's car at the instant of con-
tact standing still, and that, had the chauffeur turned
to the left instead of the right, he would have passed
safely in front of it.   It may be that, at the very mo-
ment when he was required to decide which way to turn,
the car had not come to a complete stop.   But that
possibility, which otherwise might be of grave signifi-
cance under the doctrine excusing errors committed in
the presence of sudden danger: Sprowls v. Morris Twp.,
179 Pa. 219; Cannon v. Traction Co., 194 Pa. 159;
Stover v. R. R. Co., 195 Pa. 616; McKee v. Traction
Co., 211 Pa. 47; Shaffer v. Traction Co., 229 Pa. 533;
Walsh v. Ry. Co., 232 Pa. 479; Quinn v. Ry. Co., 7
Pa. Superior Ct. 19; Flaherty v. Gas & Water Co.,
30 Pa. Superior Ct. 446, 449, is of no service to the
plaintiff here; for, as all the cases show, the doctrine
applies only where through the negligence of one an-
other is without fault on his part brought into a predica-
ment which he could not have foreseen and for which
therefore he could not have prepared.

It is difficult to find that in the evidence of this case
whereon to base a fair inference of negligence on the
part of defendant's employees in the handling of the car.
It is idle to insist that it was run at an undue rate of
speed.   It was stopped so promptly upon its appearance
at the crossing as to render quite incredible any sug-
gestion of its rapid approach.   See Gilbert v. Traction

Co., 4 Berks County L. J. 157, 158, and cases there cited. And taking this fact together with the overwhelming testimony on defendant's side as to the moderate pace at which the car proceeded (and it may here be observed that the criticism of that testimony made by plaintiff's counsel amounts to no more than a demonstration of that lack of precise detail which is wisely looked upon as indicative of truthfulness: Kraut v. Ry. Co., 160 Pa. 327, 335; Com. v. Winkelman, 12 Pa. Superior Ct. 497, 513, and does not at all affect the substance of it) the assertion of a single witness for plaintiff to the contrary can at the most be regarded as a scintilla, which upon familiar principles is not sufficient to warrant a verdict against the defendant, and which does not stand in the way of a judgment n. o. v.: Fisher v. Scharadin, 186 Pa. 565, 568.   When it is said, in Duffy v. Water & Power Co., 233 Pa. 107; Page v. Moore, 235 Pa. 161; Ackley v. Bradford Twp., 32 Pa. Superior Ct. 487, and similar decisions, that in the presence of a conflict of evidence on a material fact for the determination of the jury there can be no binding instructions and no judgment n. o. v., no matter how convincing the proof on the one side may appear, the statement must be understood in the light of the rule that there is no such conflict where the fact is so clearly established that, as declared in Newhard v. R. R. Co., 153 Pa. 417, 420, "a court, in the due administration of justice, must treat it as a fact."   In view of the superior probative weight of affirmative over negative testimony: see Hauser v. R. R. Co., 147 Pa. 440; Urias v. R. R. Co., 152 Pa. 326; Keiser v. R. R. Co., 212 Pa. 409; Anspach v. R. R. Co., 225 Pa. 528, much the same is to be said of the contention that the car gave no warning of its approach.   But in truth neither the one nor the other of these matters is of decisive importance, and the question whether or not there may have been a speck of negligence on the part of defendant's employees need not be discussed.   It is manifest that there was on the part of plaintiff's chauffeur a degree of in-

attention to his duties which, if not the exclusive cause of the collision, at all events largely contributed to it.

Whether he was running at fifteen or at twenty or at thirty-five miles an hour, he was running on a road and in a locality which were new to him and therefore called for vigilance and caution. He was going northwardly on the east side of the road. He was bound to look ahead of him and to observe that there was a railway track on the same side of the road to the north. Confessedly he saw a car coming southwardly, i. e., towards him, on that track. He knew there was no track on the road where he was running. Assuredly he had no right to rest upon the assumption that the track he saw came to an end at the side of the road. He was obliged to consider that probably at some point between where he was and where the car he saw was the track left the road. It might turn off to the east or it might turn to the west and cross the road before leaving it. It was his business to look for indications of either and to be prepared for either. In the event of its crossing the road he doubtless might expect a caution board near the place of crossing. But granting that the caution board that was there may have been hidden from him by branches of trees, he nevertheless might not close his eyes to what was apparent on the ground and discernible from a considerable distance, namely, the patent fact that the track did cross the road; nor might he ignore the information his senses had given him that a car was on its way towards that crossing. The car having the right of way: Smith v. Traction Co., 3 Pa. Superior Ct. 129; Grupp v. Transit Co., 42 Pa. 271, 274, it was his duty to look out for it and have the automobile under sufficient control to enable him to avoid interfering with that right. Nor in the due exercise of the care incumbent upon him for the protection of the automobile and its freight was he entitled to cast upon those in charge of the car the entire duty of guarding against a collision: Smith v. Traction Co., 187 Pa. 110;

Mease v. Traction Co., 208 Pa. 434. But for some unexplained reason, if his testimony is to be believed, he failed to keep the car in sight, or, it would seem, to remember its existence—failed to notice the track crossing the road, and whatever may have been the speed at which he was running, so failed to keep his machine in hand that, when he did see the track and the car a few feet ahead of him, he was unable to prevent a collision with the car just come to a stop. The case is thus one of the driver of an automobile running ahead in disregard of cumulative warnings ample to put him upon his guard, and thereby placing himself in a position in which his running against the car became inevitable except by the exhibition of a degree of presence of mind and good judgment beyond his command. Though for the lack of these he be not held culpable, still in putting himself in such a position it is useless to argue that the jury was at liberty to find him free from fault. Essentially there is no difference between this case and that of a man who walks into a danger which he could not help seeing if he looked, and who therefore, as has been settled by a long line of decisions from Carroll v. R. R. Co., 12 W. N. C. 348, and Moore v. R. R. Co., 108 Pa. 349, down at least to Paul v. Ry. Co., 231 Pa. 338, and Tozer v. Ry. Co., 45 Pa. Superior Ct. 417, cannot be heard to say that he did look and did not see. It may be true that the plaintiff's chauffeur did not see the danger he was running into; but if so, it was because he did not look. On the other hand, if he did see and ran ahead miscalculating his chances of passing over the crossing before the car reached it, then the rule applies that "no error in a close calculation of a chance can relieve from the charge of contributory negligence:" Tozer v. Ry. Co., 45 Pa. Superior Ct. 417, 421. On the contrary, in the language of Gangawer v. R. R. Co., 168 Pa. 265, 270, "the law calls this negligence, and will not permit a jury to call it something else."

It follows that upon the evidence as it stood at the close of the trial of this case the defendant was entitled to an affirmative answer to its prayer for binding instructions; that there is no occasion for ordering a new trial; and that under the Act of April 22, 1905, P. L. 286, it becomes the duty of the court now to enter judgment for defendant.

The rule for a new trial is discharged, and the rule for judgment n. o. v. is made absolute.

*Error assigned* was in entering judgment for defendant n. o. v.

*W. B. Bechtel,* for appellant.

*C. H. Ruhl,* with him *R. L. Jones,* for appellee.

PER CURIAM, December 8, 1913:

We are all of opinion that there was but slight evidence of negligence on the part of the defendant, and that even if it be conceded that there was sufficient to carry the question to the jury, the plaintiff was barred of recovery by the contributory negligence of his chauffeur who was operating his automobile. This has been so clearly and conclusively shown by the learned trial judge upon a full and accurate review of the evidence and of the law applicable thereto as to render further discussion unnecessary.

The judgment is affirmed.